People of the State of Illinois, Plaintiff-Appellee, v. Louise Thomas, a/k/a Mary Louise Thomas, Defendant-Appellant.

Gen. No. 49,428.

First District, Fourth Division.

September 23, 1964.

Dixon, Ewell, Graham & Vital, all of Chicago (Leo E. Holt and Carl McCormick, of counsel), for appellant.

No brief filed for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment and sentence of 60 days on a charge of deceptive practices.

The record indicates that on July 12, 1962, an information was filed in the Municipal Court charging defendant with passing a bogus check. On October 3, 1962, without any plea, hearing or evidence, the case was continued two years and defendant was ordered to make restitution on her obligations to a department store under the aegis of court supervision.

When defendant failed to comply with the terms of the restitution order, the case was advanced and on December 12, 1963, Judge Napolitano terminated the supervision, entered a finding of guilty and imposed the 60-day sentence. There was no trial, no witnesses were sworn nor any evidence introduced. The judge apparently incorrectly assumed that the prior proceedings had adjudicated defendant's guilt and all that he was hearing was evidence as to whether the court supervision should be terminated.

Defendant appeals on the theory that the judgment of the trial court was erroneous because: (1) there was no arraignment or plea, (2) none of the witnesses was under oath, (3) no evidence was introduced to establish the commission of the alleged crime, and (4) no evidence was adduced to establish defendant's connection with the alleged criminal violation. The State's Attorney of Cook County, · by motion,

has confessed that the totality of errors in the proceeding deprived defendant of her constitutional rights to a trial in accordance with due process of law.

█ █ There can be no criminal conviction where there was no arraignment or plea, no oath administered to the witnesses, and no evidence of the commission of a crime. Ill Rev Stats 1961, c 38, § 3–1; People v. Stanko, 407 Ill 624, 627, 95 NE2d 861; Thompson v. Louisville, 362 US 199, 206; Garner v. Louisiana, 368 US 157, 172, 174.

Therefore, the judgment and sentence are reversed and the case remanded for arraignment and further proceedings not inconsistent with this opinion.

Reversed and remanded.

ENGLISH, P. J. and McCORMICK, J., concur.